**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**THOMAS D. DILLMAN**
Branchville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS D. DILLMAN, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 53A04-1306-CR-302 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Marc R. Kellams, Judge
Cause No. 53C02-0301-FD-27

**February 6, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Thomas D. Dillman, pro se, appeals the trial court's denial of his motion for release of bond. Because the charges against Dillman were dismissed in this case and there was no agreement for the trial court to apply the $500 cash bond in this case to the costs in another cause number, the trial court erred in denying Dillman's motion for release of bond. Dillman is entitled to his $500 cash bond. We therefore reverse and remand.

**Facts and Procedural History**

On January 8, 2003, the State charged Dillman with Class D felony assisting a criminal and Class B misdemeanor visiting a common nuisance in this case, Cause No. 53C02-0301-FD-27 (Cause No. 27). Bond was set at $2000 surety and $500 cash. On November 17, 2003, these charges were dismissed in exchange for Dillman pleading guilty to Class C misdemeanor illegal transportation of alcohol by a minor in Cause No. 53C02-0303-CM-756 (Cause No. 756). Appellant's App. p. 3; Tr. p. 4, 10. When these charges were dismissed, Dillman's attorney asked that the cash bond in this case be used to pay the costs and fees in Cause No. 756. Tr. p. 10-12. Dillman gave the trial court his current address in case there was any remaining bond to be returned to him. *Id.* at 13 (Dillman giving his address as Duncan Road in Bloomington). Based on this arrangement between the parties, the trial court's CCS entry in this case provides, "Clerk is directed to release any cash bond and apply same to costs under [Cause No. 756] with remainder to defendant." Appellant's App. p. 3 (November 17, 2003 CCS entry).

But because the costs in Cause No. 756 had already been paid, on December 2, 2003, the Monroe County Clerk sent the $500 cash bond to Dillman on Duncan Road in

Bloomington by certified mail. *See id.* ("Clerk notes that costs in [Cause No. 756] have been paid and therefore refunds bond under this cause to the defendant by certified mail.") (December 2, 2003 CCS entry); Appellant's "Reply" App. p. 6-7 (certified mail containing bond check returned to clerk after only one attempt to Duncan Road). The Monroe County Clerk then placed the money in trust.

Almost seven years later, on October 21, 2010, the Monroe County Clerk filed a motion in this case entitled "Clerk Requests Court's Direction," which provides:

> 1.) An Outstanding Bond of $500.00 existed on this case.
> 2.) The bond was ordered to be applied towards [Cause No. 756] on 11/17/2003[.]
> 3.) The court costs under [Cause No. 756] were already paid *therefore* the Clerk attempted to return the $500.00 to the Defendant.
> 4.) The Defendant could not be found therefore the Clerk placed the $500.00 in to Trust.
> 5.) The Defendant has since acquired outstanding court costs under 53C05-0609-FD-00470 [(Cause No. 470)].

Appellant's Supp. App. p. 1. There is no indication in the record that the clerk tried to serve this motion on Dillman. One week later, the trial court made an administrative entry in the CCS directing the clerk "to apply any remaining cash bond in trust to costs and fees assessed in [Cause No. 470]." Appellant's App. p. 4 (October 28, 2010 CCS entry). There is no indication in the record that the trial court tried to serve notice of this order on Dillman.

It appears from the record that the entire $500 cash bond in this case has been applied to Cause No. 470. *See* Appellant's Supp. App. p. 3-4.

On May 29, 2013, which was more than two-and-a-half years after the trial court directed the Monroe County Clerk to apply the $500 cash bond in this case to costs and

fees in Cause No. 470, Dillman filed a pro se motion for release of bond. The trial court

denied Dillman's motion.

Dillman, pro se, now appeals.

**Discussion and Decision**

Dillman contends that the trial court erred in denying his motion for release of bond.

Dillman essentially argues that because there was no agreement to apply his $500 cash

bond in this case to Cause No. 470, he is entitled to a return of his $500. The State cites

Indiana Code section 35-33-8-3.2, which provides that a trial court may require a defendant

who deposits cash as bail to execute an agreement that authorizes the court to retain all or

part of the cash to pay costs and fees:

> If the court requires the defendant to deposit cash or cash and another form
> of security as bail, the court may require the defendant and each person who
> makes the deposit on behalf of the defendant to execute an agreement that
> allows the court to retain all or a part of the cash to pay publicly paid costs
> of representation and fines, costs, fees, and restitution that the court may
> order the defendant to pay *if the defendant is convicted.* The defendant must
> also pay the fee required by subsection (d).

Ind. Code § 35-33-8-3.2(a)(1) (emphasis added). Dillman, however, was not convicted in

this case—the charges were dismissed. Moreover, the part of the statute that provides that

the trial court may require an agreement in cash-bail cases was not added until 2006, three

years after the charges against Dillman were dismissed in this case. *See* P.L. 97-2006, Sec.

1. And to the extent that the parties entered into an informal agreement in 2003 to apply

the $500 cash bond in this case to another cause number, that agreement was for Cause No.

4

756, *not* Cause No. 470 (which, notably, did not even exist in 2003).[1] The trial court did not have the authority to apply the cash bond in this case to Cause No. 470.

Nevertheless, the State argues that Dillman should have appealed earlier—in 2010 when the trial court directed the clerk to apply Dillman's $500 cash bond in this case to Cause No. 470—and therefore he forfeited his appeal. However, there is simply no evidence in the record that Dillman received notice of the action taken in 2010. *See* Ind. Trial Rule 72(E) ("When *service* of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Clerk, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel." (emphasis added)). Because Dillman did not receive service of either the clerk's motion or the trial court's order in 2010, he filed the motion to release bond when he finally learned about it in 2013. Appellant's Reply Br. p. 12. Dillman proceeded in a timely manner given the circumstances.

Finally, the State argues that Dillman invited any error because he gave the trial court his wrong address in 2003. Dillman, however, maintains that the address he gave the court in November 2003—Duncan Road in Bloomington, *see* Tr. p. 12—was his permanent, lifelong address when service was attempted by certified mail two weeks later.

---

[1] Contrary to the State's argument, the fact that Dillman's attorney entered into an agreement in 2003 to apply the $500 cash bond in this case to Cause No. 756 does not constitute invited error to apply the proceeds to another cause number that did not even exist at the time of the agreement.

As the record shows, only one attempt was made to return the $500 cash bond to Dillman on Duncan Road in Bloomington by certified mail in December 2003. *See* Appellant's "Reply" App. p. 6-7 (certified mail containing bond check returned to clerk after only one attempt to Duncan Road). This is not invited error.

Because the charges against Dillman were dismissed in this case and there was no agreement for the trial court to apply the $500 cash bond in this case to the costs in Cause No. 470, the trial court erred in denying Dillman's motion for release of bond. Dillman is therefore entitled to his $500 cash bond.

Reversed and remanded.

RILEY, J., and MAY, J., concur.